UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Lashawn Marshall | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Eric Schmitt
Tamara Holder

Attorneys Present for Defendants:
Bing Sun
Melissa Godwin
Scott Wilson
Brian Wolf
Cesie Alvarez

**Proceedings:** ZOOM HEARING RE: PLAINTIFF JANE DOE'S MOTION TO PROCEED ANONYMOUSLY AND FOR ENTRY OF A PROTECTIVE ORDER (Dkt. 57, filed on November 10, 2025)

## I.    INTRODUCTION

On February 19, 2025, plaintiff Jane Doe ("Ms. Doe" or "Plaintiff") filed this action against defendants Jonathan Barnett ("Barnett"), an individual; Creative Artists Agency, LLC ("CAA"), a Delaware limited liability company; CAA Holdings, LLC ("CAA Holdings"), a Delaware limited liability company; CAA Stellar Sports Limited f/k/a ICM Stellar Sports Limited and f/k/a The Stellar Group Limited ("CAA Stellar"), a United Kingdom limited company; CAA Stellar Football Limited f/k/a Stellar Football Limited ("Stellar Limited"), a United Kingdom limited company; and Does 1 through 10, inclusive (collectively, "Defendants"). Plaintiff's complaint asserts twelve claims for relief: (1) forced labor and sex trafficking in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589(a), 1591(a)(1), 1595, against Barnett; (2) participating in venture in violation the TVRPA, 18 U.S.C. §§ 1589(b), 1591(a)(2), 1595, against CAA Stellar and Stellar Limited; (3) benefitting from violations of the TVPRA, 18 U.S.C. § 1595, against CAA Stellar and Stellar Limited; (4) benefitting from violations of the TVPRA § 159l, against CAA and CAA Holdings; (5) conspiracy to violate the TVPRA, 18 U.S.C. §§ 1594(b), 1595, against CAA Stellar and Stellar Limited; (6) damages for sexual assault under California Code of Civil Procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

("CCP") § 340.16 and civil conspiracy, against all defendants; (7) negligent supervision and retention, against CAA Stellar; and (8) negligent hiring, retention, and supervision, against CAA Holdings; (9) negligent hiring, retention, and supervision, against CAA and CAA Holdings; (10) intentional infliction of emotional distress, against Barnett; (11) common law negligence, against CAA Stellar, CAA, and CAA Holdings; and (12) negligence per se, against CAA Stellar, CAA, and CAA Holdings. Dkt 1 ("Compl.").

On November 10, 2025, plaintiff filed the instant motion to proceed anonymously and for entry of a protective order. Dkt. 57 ("Mot."). On November 24, 2025, defendants Creative Artists Agency, LLC, CAA Holdings, LLC, CAA Stellar Sports Limited, and CAA Stellar Football Limited (collectively, the "Corporate Defendants") filed a statement of non-opposition to plaintiff's motion to proceed anonymously and for entry of a protective order. See dkt. 66. On November 24, 2025, defendant Barnett filed a qualified opposition to plaintiff's motion. Dkt. 67 ("Opp"). On December 1, 2025, plaintiff filed a reply. Dkt. 72 ("Reply").

On December 15, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Jane Doe alleges that she is a citizen of Australia and currently residing in Australia. Compl. ¶ 12. Plaintiff alleges that between 2017 and 2023, Barnett, with the assistance of other defendants, trafficked, threatened, tortured, and held her in bondage at numerous places throughout the world, including Los Angeles, California. Id. ¶ 12.

Plaintiff alleges that her children, referred to as Child 1 and Child 2, were present during some of the instances herein. Id. ¶ 13. Plaintiff alleges that in July 2017, when Ms. Doe was trafficked to London from Australia, Child 1 was 14 years old, and Child 2 was 15 years old. Id.

Plaintiff alleges that defendant Jonathan Ian Barnett is a citizen and resident of the United Kingdom. Id. ¶ 14.

Plaintiff alleges that defendant CAA Stellar Sports Limited is a private limited company incorporated under the laws of the United Kingdom. Id. ¶ 15. Plaintiff alleges that CAA Stellar was co-founded by Barnett and David Manasseh ("Manasseh") in or

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

around 1994.  Id.  Defendant CAA Stellar is referred to herein as CAA Stellar at all times, including when it was conducting business as the Stellar Group Limited and ICM Stellar Sports Limited, respectively.  Id.

Plaintiff alleges that on or about May 31, 2016, CAA Stellar opened its first U.S. office in Atlanta, Georgia, and that then upon acquiring U.S. sports agency, Global Premier Management, in 2017, CAA Stellar opened offices in New York City, New York; Boston, Massachusetts; and Tampa, Florida.  Id. ¶ 16.

Plaintiff alleges that on or about October 27, 2020, Los Angeles-talent agency International Creative Management Partners, LLC ("ICM" or "ICM Partners") purchased CAA Stellar, and renamed the agency "ICM Stellar Sports Limited."  Id. ¶ 17.  Plaintiff alleges that at or about the time ICM Partners acquired CAA Stellar, CAA Stellar opened offices in Washington, D.C., and Los Angeles, California, and that ICM Partners appointed some of its top Los Angeles-based executives to the new ICM Stellar Board of Directors, including Steven Stanford ("Stanford"), Jonathan Perelman ("Perelman"), Richard Levy ("Levy"), and Theodore Chervin ("Chervin").  Perelman was named President of ICM Stellar.  Id.

Plaintiff alleges that from October 27, 2020, through June 2022, the controlling party of CAA Stellar was TLBFP II LLC, a California limited liability company, located in Los Angeles, California.  Id. ¶ 18.

Plaintiff alleges that defendant Creative Artists Agency, LLC ("CAA"), is a Delaware limited liability company with its principal place of business in Los Angeles, California and has conducted business in Los Angeles, California.  Id. ¶ 19.  Plaintiff alleges that CAA is a leading sports and entertainment talent agency, with offices worldwide, and represents many top athletes and entertainers.  Id.

Plaintiff alleges that defendant CAA Holdings, LLC ("CAA Holdings") is a Delaware limited liability company with its principal place of business in Los Angeles, California and has conducted business in Los Angeles, California.  Id. ¶ 20.

CAA and CAA Holdings are referred to herein, individually and collectively, as the "CAA Entities."  Id. ¶ 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
| Title | Jane Doe v. Jonathan Barnett et al. | | |

Plaintiff alleges that on or around June 2022, the CAA Entities acquired and merged with ICM pursuant to Delaware law (the "CAA-ICM Merger"). Id. ¶ 22. Plaintiff alleges that as a result of the CAA-ICM Merger, the CAA Entities assumed liability for all ICM's debts and liabilities. Id. Plaintiff alleges that after the CAA-ICM Merger, there was a continuity of management, personnel, physical location, assets, and general business operations of ICM as a part of the CAA Entities. Id.

Plaintiff alleges that ICM Partners was Barnett's joint employer (Barnett was ICM's employee and agent) from in or around October 2020, when ICM acquired CAA Stellar, until the CAA-ICM Merger in June 2022 when CAA merged with ICM and all of its affiliated entities, including CAA Stellar. Id. ¶ 23.

Plaintiff alleges that after the ICM-CAA Merger, Stanford, Perelman, and Chervin remained on the new CAA Stellar Board of Directors, and that the largest parent entity that controlled CAA Stellar from June 2022 through 2023 was CAA Holdings. Id. ¶ 24.

Plaintiff alleges that defendant CAA Stellar is a division of CAA, has conducted business in California, and has been an employer whose employees have conducted business in California. Id. ¶ 25.

Plaintiff alleges that defendant Stellar Football Limited, now doing business as CAA Stellar Football Limited ("Stellar Limited"), is a private company incorporated under the laws of the United Kingdom and is a wholly owned subsidiary of CAA Stellar. Id. ¶ 26. Plaintiff alleges that CAA Stellar and Stellar Limited (collectively, the "Stellar Group") are alter egos of each other and operate as a single enterprise for purposes of personal jurisdiction and liability. Id. Plaintiff alleges that both companies shared all facets of control, including their board of directors and management, and that both defendants are treated as one company without regard to their respective corporate forms. Id.

Plaintiff alleges that CAA was Barnett's joint employer (and Barnett was CAA's employee and agent) from on or around June 2022, when CAA merged with ICM Partners, until early March 2024, when Barnett publicly "retired" and quietly resigned from the Stellar Group defendants' respective boards of directors and other positions of leadership within other Stellar Group and CAA Entities. Id. ¶ 28. Plaintiff alleges that the corporate entity then employing Barnett (i.e., the Stellar Group from 2017 to on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

around October 2020, ICM from in or around October 2020 to in or around June 2022, and CAA from on or around June 2022 to March 2024) had the power to hire and fire Barnett, set his pay, and control his work conditions. Id.

## III.  LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) (the title of every complaint shall "name all the parties"). This general rule arises from "the bedrock principle that courts and judicial records are open." Jane Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). However, "special circumstances" may warrant anonymity, such as claims of a "sensitive and highly personal nature," Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)), or cases in which preserving anonymity "is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981).

District courts have broad discretion in determining whether parties may proceed anonymously. Advanced Textile Corp., 214 F.3d at 1069. Generally, a party is permitted to do so if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068. "Courts applying this balancing test have recognized three situations allowing a plaintiff to proceed anonymously: '(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.'" Heineke v. Santa Clara Univ., No. 17-CV-5285-LHK, 2017 WL 6026248, at *5 (quoting Advanced Textile Corp., 214 F.3d at 1068).

The Ninth Circuit has further held that where the use of a pseudonym is used to shield the party from retaliation, the district court should evaluate the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Advanced Textile Corp., 214 F.3d at 1068 (citations omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

may be structured so as to mitigate that prejudice ... [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. at 1068-69. More recently, the Ninth Circuit has restated these factors as five factors to apply when the opposing party has objected. See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010) ("To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'") (citations omitted).

Because the "balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses ... where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings [Rule 16(b)], and to issue protective orders limiting disclosure of the party's name [Rule 26(c)], to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." Advanced Textile Corp., 214 F.3d at 1069.

## IV. DISCUSSION

Plaintiff moves this Court to "(1) allow Plaintiff to proceed anonymously in this litigation; and (2) grant the limited unopposed protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to protect Plaintiff's identity and the identities of Plaintiff's two children from public disclosure, being provided to the Court herewith." Mot. at 1. The Court discusses each issue in turn

### A. Motion to Proceed Anonymously

Plaintiff argues that she has met her burden of showing that proceeding anonymously is warranted under the Advanced Textile balancing test. Id. at 6. First, plaintiff argues that she has a strong interest in preserving from disclosure highly sensitive and personal information that is likely to cause harassment, injury, ridicule, and personal embarrassment if disclosed. Id. Plaintiff argues that "allegations … which typically justif[y] the use of pseudonyms" include those involving "sexual abuse, human trafficking, or mental illness," especially "graphic and highly detailed allegations of repeated sexual assault." Doe v. Mahboubi–Fardi, No. LA CV23-04370 JAK (EX), 2024

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

WL 2206640, at *4 (C.D. Cal. Jan. 2, 2024) (citing Doe K.G. v. Pasadena Hosp. Ass'n, Ltd., No. 18-CV-08710- ODW, 2019 WL 1612828 (C.D. Cal. Apr. 15, 2019)). Plaintiff argues that the use of a pseudonym was permitted, therefore, in a case where the plaintiff alleged "that she was a victim of human trafficking from Brazil to the United States and was subjected to forced labor and repeated sexual battery." Id. (citing Doe v. Penzato, No. CV-10-5154-MEJ, 2011 WL 1833007 (N.D. Cal. May 13, 2011)). Here, plaintiff argues that her complaint "contains details of a panoply of sexual assaults, as well as sexual and otherwise humiliating acts in which Barnett forced Plaintiff to partake. Therefore, disclosure of Plaintiff's identity would expose her to the world as having undergone acts of extreme degradation and depravity, as having inflicted varied and repeated forms of self-harm, as having recruited other 'slaves,' and as having engaged in sex acts with sex workers—even as she continues to live in constant fear." Mot. at 7.

Plaintiff further argues that she "seeks use of a pseudonym in order to protect the identities of nonparties Child 1 and Child 2, who, although now past 18 years old, were both minors for several years during the trafficking alleged, and who moved to London with Plaintiff. Revealing the identity of either child would disclose the identity of Plaintiff through the fact of the familial relationship, eviscerating any protection otherwise conferred on Plaintiff by the use of the pseudonym." Id. at 7-8 (citing Doe v. Butte Cnty. Prob. Dep't, No. 220CV02248TLNDMC, 2020 WL 7239583, at *7 (E.D. Cal. Dec. 9, 2020).

Second, plaintiff argues that the public interest in the litigation is furthered by allowing her to proceed anonymously. Mot. at 8. Plaintiff argues that while the public has an interest in knowing the identities of the litigants, "the public *also* has an interest in seeing cases tried on their merits." Id. at 8-9. Thus, plaintiff argues that in special circumstances like hers, allowing victims to try their case anonymously is necessary to prevent retaliation against them and deterring other victims from reporting such crimes. Id. at 9 (citing Advanced Textile Corp., 214 F.3d at 1071, 1073, in which the Ninth Circuit held that, where foreign nationals working in Saipan brought a putative class action under the Fair Labor Standards Act alleging unlawful working conditions in a garment factory, the use of pseudonyms was justified based on reasonable fear of governmental reprisal, such as deportation and imprisonment; Penzato, 2011 WL 1833007, at *5, in which the district court affirmed that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"). Here, plaintiff argues that because she "has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

alleged both human trafficking *and* sexual assault, and her related statutory and common-law claims have necessitated that she plead in detail how she was trafficked around the world and subjected to multiple episodes of rape and other sexual battery over a period of several years, and how she was forced to engage in many specific acts of human degradation and self-harm … [t]he public's interest in protecting Plaintiff and other victims similarly situated thus clearly supersedes the public's interest in learning Plaintiff's true identity." Id. at 9-10.

Third, plaintiff argues that defendants will not be prejudiced by allowing plaintiff to proceed anonymously because plaintiff will disclose her identity to defendants' counsel upon their appearance and entry of a protective order. Id. at 10. Plaintiff states that counsel for the defendants who have thus far appeared have informed plaintiff's counsel that those defendants already know plaintiff's identity. Id. Moreover, plaintiff argues that "[a]s to the identities of Child 1 and Child 2, any Defendants who might not know their true identities would suffer no prejudice in not learning them, at least at this time, given that Child 1 and Child 2 are nonparties." Id. at 10-11.

Barnett filed a qualified opposition to plaintiff's motion, noting that "[he] does not oppose Plaintiff proceeding anonymously under the pseudonym "Jane Doe" for purposes of public filings in this case … [but] objects to the scope of Plaintiff's proposed protective order accompanying the motion on several grounds." Opp. at 1.

The Court finds that plaintiff has met her burden of showing that she should be allowed to proceed anonymously. "[A]llegations … which typically justif[y] the use of pseudonyms" include those involving "sexual abuse, human trafficking, or mental illness," especially "graphic and highly detailed allegations of repeated sexual assault." Mahboubi–Fardi, 2024 WL 2206640, at *4 (C.D. Cal. Jan. 2, 2024) (citing Pasadena Hosp. Ass'n, Ltd., 2019 WL 1612828 (C.D. Cal. Apr. 15, 2019)). Plaintiff's complaint precisely implicates such sensitive subject matter, detailing graphic allegations of repeated sexual assault against her by Barnett. See compl. ¶¶ 85-86; 89-95. Plaintiff's complaint further contains specific and disturbing allegations of other degrading conduct by Barnett against plaintiff, including allegations that Barnett forced her to consume her bodily waste and blood, to lick objects such as the toilet or his shoes, and to engage in acts of self-harm. Id. at ¶¶ 113-15, 122, 168. Plaintiff's complaint also alleges that Barnett forced her to commit potentially criminal acts, such as recruiting other "slaves" and engaging in sexual acts with sex workers under threat of murder and harming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

plaintiff's children.  Id. ¶¶ 84, 139-152.  Given the "sensitive and highly personal nature" of plaintiff's complaint, the Court finds that allowing plaintiff to proceed anonymously is necessary to preserve her privacy and that of her children.  See Advanced Textile Corp., 214 F.3d at 1068.

Moreover, the Court finds that there is a strong public interest in allowing the plaintiff to proceed anonymously because requiring plaintiff to reveal her identity would chill the willingness of other potential victims "to come forward and enforce their rights without fear of additional trauma and privacy violations."  Penzato, 2011 WL 1833007, at *5.  This concern is especially salient here given that plaintiff has alleged that "she is not the first 'slave' that Barnett has kept."  Compl. ¶ 130.

The Court further finds that should plaintiff be allowed to proceed anonymously, the potential prejudice to the defendants—including Barnett—would not outweigh plaintiff's need for anonymity.  Because plaintiff has stated that she will disclose her identity to defendants' counsel upon their appearance and entry of a protective order, mot. at 10, the defendants, including Barnett, will be given a reasonably fair opportunity to conduct discovery and defend themselves against plaintiff's allegations.

In short, because plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," the Court finds that plaintiff may proceed under a pseudonym.  Advanced Textile Corp., 214 F.3d at 1068.

### B. Motion for Protective Order

Plaintiff argues that good cause exists for the Court to enter a protective order that seeks to "preserve her own anonymity and that of her children, consistent with Plaintiff's request to proceed under a pseudonym and for her children to be called 'Child 1' and 'Child 2.'"  Mot. at 11.  Plaintiff argues that because "the Advanced Textile balancing test favors allowing her to proceed under pseudonym, … to ensure her continued anonymity, the Court [should] enter a protective order 'preventing the public disclosure of Plaintiff's identi[t]y' and that of her children."  Id. at 12 (citing Doe v. U.S. Citizenship & Immigration Servs., No. 121CV00576NONESAB, 2021 WL 1907562, at *1 (E.D. Cal. May 12, 2021)).  Plaintiff's proposed order would allow her to proceed as "Jane Doe" and prohibit defendants and their agents from publicly revealing plaintiff's identity or that of either of her children "to any third party"; require that medical records

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

and/or protected health information of plaintiff or Child 1 or Child 2 be filed under seal; and require the parties to redact from publicly filed documents, any address, e-mail address, social security number, social media account name, phone or cell number, driver's license number, birth date, and/or financial account number understood to belong to plaintiff, Child 1, or Child 2.  Plaintiff states that the defendants who have thus far appeared have not opposed plaintiff's proposed protective order.  Id. at 11, 12-13; dkt. 57-2 ("Plaintiff's Proposed Protective Order").

Barnett objects to the scope of plaintiff's proposed protective order on several grounds.  Opp. at 1.  First, Barnett argues that "Plaintiff's counsel refused to meet and confer with Defendant's counsel regarding the proposed order impermissibly, as required by Local Rule 7-3."  Id.  Second, Barnett argues that "[a]s drafted, the order prohibits disclosure of Plaintiff's identity 'to any third party,'" and would preclude Barnett from preparing a defense because "[n]o defendant can evaluate claims, prepare a defense, or obtain third-party documents without disclosing the plaintiff's identity to those persons who hold relevant evidence."  Id. at 3.  Third, Barnett argues that "the protective order should not impede or interfere with Defendant's ability to make inquiries and investigate the matters relevant to the pending legal proceedings in the UK based on accusations by the Plaintiff. The Proposed protective order would impermissibly prevent Defendant's agents and attorneys from disclosing Plaintiff's identity to investigate and prepare an adequate defense to the legal proceeding pending in the UK involving the Plaintiff."  Id. at 5.  Finally, Barnett proposes that the protective order be narrowly tailored as follows: "[T]he parties should be permitted to disclose Plaintiff's identity as necessary to investigate the claims and defenses in this action to the following persons: witnesses; treating physicians; employees; record custodians; experts and consultants; investigators; and any other individuals reasonably necessary for discovery."  Id. at 6 (cleaned up).  Moreover, the "protective order must clarify that it governs only the conduct of the parties in this civil action. It should therefore include language stating: 'This Order governs only filings and disclosures in this civil action and does not apply to or restrict disclosures permitted by law in other jurisdictions, including proceedings in the United Kingdom.'"  Id.

In reply, plaintiff argues that its limited proposed protective order is not intended to govern discovery and states that "[p]laintiff expressly contemplates a further protective order governing discovery."  Reply at 5.  Plaintiff argues that "[u]pon commencement of discovery, the Ninth Circuit's ruling in Advanced Textile Corp. would mandate the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

rebalancing of Plaintiff's need for anonymity against any potential prejudice that Defendants might claim, permitting the Court to determine whether any measures may be taken to mitigate such prejudice." Id. at 6. Plaintiff argues that her proposed protective order is "appropriate until at least the resolution of [the parties' motions to dismiss for lack of personal jurisdiction and forum *non conveniens*]," and that it would be premature to issue a protective order regarding discovery. See id. at 7. Plaintiff further argues that Barnett inappropriately requests that the protective order entered by this Court specify that it "does not apply to or restrict disclosures permitted by law in other jurisdictions, including proceedings in the United Kingdom." Id. at 8. Plaintiff argues that "Barnett cites no legal authority for these purported principles" and, moreover, "his challenge to the proposed order on this basis is unnecessary" because "[t]he proposed order does not and could not expand the Court's authority beyond that allowed by applicable law." Id. at 9. Furthermore, plaintiff argues that: "Barnett fails to specify any foreign proceedings to which the proposed order could apply, or to state how his investigation or defense in such foreign proceedings would be thwarted by a protective order of this Court that prohibits him and his lawyers from disclosing Plaintiff's identity to third parties. Indeed, the anonymity of Plaintiff appears to be perpetually protected under English law. See Jayne S. Ressler, *Anonymous Plaintiffs and Sexual Misconduct*, 50 SETON HALL L. REV. 955, 986 (2020) ("Under UK law, recipients of sexual assault are automatically given lifelong anonymity, under the Sexual Offenses (Amendment) Act 1992.')." Id. at 9.

    Upon a showing of good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including by "forbidding the disclosure," "specifying terms … for the disclosure," "limiting the scope of disclosure," "requiring that a deposition be sealed," and "requiring that the parties simultaneously file specified documents or information in sealed envelopes." Fed. R. Civ. P. 26(c)(1).

    Given that the Court has found that it is appropriate to permit plaintiff to proceed anonymously in this case to protect her privacy and that of her children, the Court also finds that plaintiff has demonstrated good cause for the Court to enter a protective order which appropriately "balance[s] … party's need for anonymity and the interests weighing in favor of open judicial proceedings." Advanced Textile Corp., 214 F.3d at 1069.

    The Court finds that a protective order may not unfairly prejudice Barnett's ability to investigate or defend the case. See Jane Roes 1–2 v. SFBSC Mgmt., LLC, 77 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

3d 990, 996 (N.D. Cal. 2015) (Courts should "issu[e] limited protective orders allowing the plaintiffs' names to be revealed to significant third parties … without prejudicing the opposing party's ability to litigate the case.") (citation omitted).  Thus, the Court finds that a protective order must allow Barnett to reveal the plaintiff's identity for purposes of conducting reasonable discovery.  See Doe v. Rose, No. CV-15-07503, 2016 WL 9137645, at *2 (C.D. Cal. June 17, 2016).  Moreover, the Court finds that the protective order should be targeted to avoid interfering, to the extent possible, with Barnett's ability to participate in and vindicate his rights in foreign proceedings.  Accordingly, the Court issues the following protective order ("Protective Order"):

> The Court grants Plaintiff Jane Doe's Motion to Proceed Under a Pseudonym.
>
> Until further order of Court, the Court orders the Defendants, including their agents, employees, and attorneys, and any persons in active concert or participation with Defendants, not to publicly reveal the identity of Plaintiff, or that of either of her children (identified as "Child 1" and "Child 2" in the Complaint) to any third party—including to any member of the media.  Notwithstanding the foregoing, this Protective Order does not prevent any investigative agency with proper jurisdiction from seeking relief from this Protective Order.
>
> The parties in any filings in this action shall refer to Plaintiff as "Jane Doe" and to her children as "Child 1" and "Child 2."
>
> The Court orders the following documents and information to be filed under seal in this action through application in accordance with L.R. 79-5: All medical records and/or protected health information of Plaintiff or Child 1 or Child 2 that appears in any medical records.
>
> The Court orders that in addition to other applicable redaction requirements, the parties redact from publicly filed documents in this action, any address (whether past or present), e-mail address, social security number, social media account name, phone or cell number, driver's license number, birth date, and/or financial account number that the party understands belongs to Plaintiff, Child 1, or Child 2.
>
> IT IS SO ORDERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-06059-CAS-PDx | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jane Doe v. Jonathan Barnett et al. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to proceed anonymously and issues the above protective order.

IT IS SO ORDERED.

|  | 00 : 14 |
|---|---|
| Initials of Preparer | CMJ |